IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHARD EDUARDO BELLO,

    Petitioner,

v.

PAMELA BONDI, in her official capacity as Attorney General of the United States; KRISIT NOEM, in her official capacity as Secretary, U.S. Department of Homeland Security; TODD LYONS, in his official capacity as Acting Director, Bureau of Immigration, Customs, and Enforcement; MARISA FLORES, in her official capacity as Director, El Paso Field Office, Immigration and Customs Enforcement; and DORA CASTRO, in her official capacity as Warden, Otero County Detention Center,

    Respondents.

Case No. 2:26-cv-00398-MIS-SCY

## ORDER TO SHOW CAUSE

**THIS MATTER** is before the Court on Petitioner Richard Eduardo Bello's Verified Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed February 12, 2026. Petitioner is a citizen of Venezuela who has lived in the United States since December, 2023. Id. ¶ 11. Petitioner has a pending asylum application with the immigration court. Id. ¶ 12. Petitioner has complied with all conditions of his release and has "no meaningful criminal history," although he does have a "handful of traffic related offenses . . . [which are] strict liability statutory offenses and do not constitute convictions for immigration purposes." Id. ¶¶ 13, 15. Petitioner has an Employment Authorization valid until April 30, 2030. Id. ¶ 17. Petitioner is married and has two children, ages three and five. Id. ¶ 19. Petitioner was detained in Minnesota on January 11, 2026. Id. ¶ 20. Petitioner has been denied a bond hearing. See id. ¶ 38. Respondents are purporting to detain him pursuant to 8 U.S.C. § 1225(b)(2). Id. ¶ 28.

On February 12, 2026, Petitioner filed the instant Petition requesting the Court issue an order to show cause, issue a writ of habeas corpus requiring that Respondents immediately release Petitioner or, alternatively, grant him a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days, award Petitioner attorney's fees and costs, enjoin Respondents from moving Petitioner outside the District of New Mexico "except for the sole purpose of returning Petitioner to Minnesota," order Respondents to transport Petitioner back to Minnesota, enjoin Respondents from implementing any conditions of release, enjoin Respondents from detaining Petition again "on any legal theory rejected by the Court in adjudicating this Petition," and, "if the Court orders Petitioner's release, specify conditions necessary to ensure Petitioner's safe return home." Id. at 15-16.[1]

The record reflects that the Clerk's Office served Respondents with the Petition on February 13, 2026, pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241. Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 2.

**IT IS HEREBY ORDERED** that within **ten (10) business days**, the United States Attorney's Office for the District of New Mexico shall respond to the Petition and **SHOW CAUSE** why the requested relief should not be granted. Respondents are reminded that this Court has already decided the issues presented by the Petition and granted the relief Petitioner requests here. See Lopez-Romero v. Lyons, 2:25-cv-01113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026) (ordering a bond hearing); Singh v. Noem, Case No. 1:25-cv-01266-MIS-KRS, 2026 WL 242249 (D.N.M. Jan. 29, 2026) (ordering immediate release); Intriago-Sedgwick v. Noem, No. 1:25-cv-

---

[1] Petitioner renumbered paragraphs starting on page 12.

01065-MIS-LF, 2025 WL 3688155 (D.N.M. Dec. 19, 2025), report and recommendation adopted No. 1:25-cv-01065-MIS-LF, ECF No. 27 (D.N.M. Jan. 6, 2026) (same); see also Order Granting Petition for Writ of Habeas Corpus, Zhao v. Castro, Case No. 2:26-cv-00079-MIS-JMR (D.N.M. Jan. 20, 2026) (ordering a bond hearing).  In making these rulings, the Court has joined the overwhelming majority of courts that have considered this issue and concluded that 8 U.S.C. § 1226(a) governs the detention of noncitizens who have been residing in the United States after their entry, rather than the mandatory detention provisions of § 1225(b)(2). See, e.g., Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1061 (7th Cir. 2025) (concluding that § 1226(a) applied to noncitizens already present in the country who were not admitted); Barco Mercado v. Francis, __ F. Supp. 3d __, 2025 WL 3295903, at *4 n.22 (S.D.N.Y. Nov. 26, 2025) (noting the interpretation that § 1225 requires mandatory detention of all noncitizens living in the United States was rejected in over 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States" and collecting cases in an Appendix A); Ochoa Ochoa v. Noem, No. 25-cv-10865, 2025 WL 2938779, at *5 & n.8 (N.D. Ill. Oct. 16, 2025) (collecting cases).  Any response filed by Respondents must therefore demonstrate that the facts of this case warrant a departure from the Court's prior rulings.  **If the federal Respondents fail to timely comply with this Order, the Court may grant the relief requested in the Petition without further notice.**

If Petitioner wishes to file a reply brief, he may do so within **ten (10) days** after Respondents' response is filed.

**IT IS FURTHER ORDERED** that, to preserve the status quo in the interim, the Government is **ENJOINED** from transferring Petitioner Richard Eduardo Bello from the District of New Mexico while these proceedings are pending.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE