# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

RICHARD EDUARDO BELLO,

    Petitioner,

v.

PAMELA BONDI, in her official capacity as Attorney General of the United States; KRISTI NOEM, in her official capacity as Secretary, U.S. Department of Homeland Security; TODD LYONS, in his official capacity as Acting Director, Bureau of Immigration, Customs, and Enforcement; MARISA FLORES, in her official capacity as Director, El Paso Field Office, Immigration and Customs Enforcement; and DORA CASTRO, in her official capacity as Warden, Otero County Detention Center,

    Respondents.

Case No. 2:26-cv-00398-MIS-SCY

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

**THIS MATTER** is before the Court on Petitioner Richard Eduardo Bello's Verified Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed February 12, 2026. Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, and Marisa Flores ("Federal Respondents"),[1] filed a Response on February 20, 2026, ECF No. 5.

Counsel for Respondents acknowledges the facts of this case are "substantially similar" to Duhan v. Noem, No. 2:26-CV-00019-MIS-JFR, 2026 U.S. Dist. LEXIS 20895 (D.N.M. Feb. 2, 2026), Resp. at 2, ECF No. 5, and that "this Court's decision in Duhan v. Noem, would control the

---

[1] Respondent Dora Castro, Warden of Otero County Detention Center did not file a response or otherwise appear in this case. It has become standard practice in these habeas cases for the warden of the relevant detention center to either appear and adopt the federal respondents' arguments, see, e.g., Intriago-Sedgwick v. Noem, Case No. 1:25-cv-01065-MIS-LF, Notice of Joinder In USA Respondents' Forthcoming Claims and Defenses, ECF No. 11 (D.N.M. Dec. 3, 2025), or not appear at all, see Francisco v. Dedos, Case No. 1:25-cv-01229-MIS-GJF, Proposed Findings and Recommended Disposition at 8, ECF No. 53 (D.N.M. Jan. 20, 2026).

result here if the Court adheres to that decision as the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention," id. at 2-3. Counsel did not distinguish this case from other cases involving the detention of noncitizens already present in the United States—as opposed to noncitizens detained at a border crossing or port of entry—but argued that Petitioner is an applicant for admission seeking admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Id. at 1-3.

Ultimately, the Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, and adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally Resp., ECF No. 5.

In addition to his immediate release, Petitioner requested the Court enjoin Respondents from "implementing any condition of release, including but not limited to ICE's 'Alternatives to Detention' measures, which include ankle monitors, body-worn GPS, telephonic tracking, or use of the SmartLINK Mobile Application." Pet. at 15, ECF No. 1. The Government did not respond to Petitioner's request to enjoin the Government from implementing any condition of release. See generally Resp., ECF No. 5.

Petitioner also requested the Court "specify conditions necessary to ensure Petitioner's safe return home, including release:" "[w]ithin the State of Minnesota," "[a]t a safe time and place communicated in advance to counsel," and "[w]ith all Petitioner's personal property returned, including but not limited to Petitioner's driver's license, immigration documents, passport, cellular telephone, and keys." Pet. at 15, ECF No. 1. The Government did not respond to Petitioner's request that the Court specify conditions of release. See generally Resp., ECF No. 5.

Pursuant to 28 U.S.C. § 2243, the Court finds that because Petitioner was detained unlawfully in Minnesota and transported to New Mexico, justice requires Respondents transport Petitioner back to Minnesota. See also Diallo v. Baltazar, No. 1:25-CV-3548-SKC, 2026 WL 237296, at *3–4 (D. Colo. Jan. 29, 2026) (ordering the petitioner's immediate release from detention but ordering that the petitioner remain in the respondents' "temporary custody for the sole purpose of respondents effectuating his return to Newark, New Jersey"); Chogllo v. Warden of McCook Det. Ctr., No. 8:26-CV-54, 2026 WL 393137, at *2 (D. Neb. Feb. 11, 2026) (ordering petitioner released and returned to Minnesota with no new conditions); Elmer A.G.C. v. Noem, No. CV 26-763 (JRT/DJF), 2026 WL 266565, at *1–2 (D. Minn. Feb. 2, 2026) (ordering petitioner released in Minnesota); Alexis D. A. M. v. Bondi, No. CV 26-447 (JRT/ECW), 2026 WL 194513, at *2 (D. Minn. Jan. 26, 2026) (ordering petitioner released in Minnesota); Luis E. M. C. v. Bondi, No. CV 26-333 (JRT/DTS), 2026 WL 184538, at *3 (D. Minn. Jan. 23, 2026) (ordering petitioner released in Minnesota).

The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk.

Finally, the Court retains jurisdiction to ensure compliance with its Order and to entertain any motions for attorneys' fees.

Accordingly, it is **HEREBY ORDERED** that:

1. Petitioner Richard Eduardo Bello's Verified Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner from detention, however he shall remain in temporary custody for the sole purpose of effectuating his transport back to Minnesota;

3. Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk;

4. Respondents **SHALL NOT** impose any new condition of release;

5. Within 72 hours, Respondents **SHALL** transport Petitioner, at their own expense, to and release Petitioner within the State of Minnesota at a safe time and place previously communicated to Petitioner's Counsel and with all Petitioner's personal effects including but not limited to his driver's license, passport, immigration documents, cellular telephone, and keys;[2]

6. Counsel for Federal Respondents **SHALL** provide a copy of this order to Counsel for Dora Castro, Warden of Otero County Detention Center;

7. Respondents **SHALL** file a Notice of Compliance with this Order; and

---

[2] If transport and release within 72 hours is a practical impossibility, Respondents may move for an extension.

8. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

*[signature: Margaret Strickland]*

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE